WO                                                                                          NA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Charles Deutsch,                          No. CV 19-08316-PCT-JAT (MHB)

          Plaintiff,

v.                                        **ORDER**

David Shinn, et al.,

          Defendants.

Plaintiff Charles Deutsch, who is confined in the Arizona State Prison-Kingman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a January 10, 2020 Order, the Court granted the Application to Proceed and dismissed the Complaint with leave to amend. The Court gave Plaintiff 30 days to file an amended complaint curing the deficiencies identified in the Order.

**I.     Pending Motion**

On February 6, 2020, Plaintiff filed a Motion for Discovery and Reconsideration (Doc. 6). For the reasons discussed below, the Court will deny Plaintiff's Motion. As a courtesy, the Court will grant Plaintiff 30 days from the filing date of this Order to file a first amended complaint in compliance with the Court's January 10, 2020 Order.

     **A.     Request for Discovery**

In the Motion, Plaintiff asks for an "independent unbiased expert to acquire video and audio regarding the date and time of [an] incident" that is the subject of his civil rights claims. Plaintiff claims the video and audio recordings contain "exculpatory evidence."

The Court construes this request as a request for discovery, and the request will be denied as premature. If Plaintiff files an amended complaint, the Court will screen it to determine whether Plaintiff's claims may go forward. If the Court determines that Plaintiff may proceed, defendants will be required to respond to the amended complaint. After defendants have responded, the Court will issue a scheduling order setting the time for the parties to conduct discovery.

### B. Request for Reconsideration

In his Motion, Plaintiff states that "the Complaint must be readdressed" because the Court did not allow Plaintiff to "defend his lawful access to all evidence pertaining to his factual and honest complaint." Requests for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed Plaintiff's Complaint, the January 10, 2020 Order, and Plaintiff's Motion for Discovery and Reconsideration. The Court finds no basis to

reconsider its decision. Thus, the Court will deny Plaintiff's request for reconsideration.

**II.  Warnings**

   **A.  Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

   **B.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **C.  Possible "Strike"**

Because the Complaint was dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in the January 10, 2020 Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

   **D.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of the January 10, 2020 Order and this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion for Discovery and Reconsideration (Doc. 6) is **denied**.

(2) Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with the January 10, 2020 Order and this Order.

(3) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

Dated this 26th day of March, 2020.

_____
James A. Teilborg
Senior United States District Judge